IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CARL E. LITTLEFIELD, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> JO ANNE B. BARNHART, Commissioner, Social Security Administration, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL <br><br><br><br><br><br> Case No. 2:04-CV-1060 TS |

     Plaintiff filed her Complaint on November 15, 2004.[1]  Thereafter, on February 17, 2006, Plaintiff filed her opening brief.[2]  The government filed its Response on March 15, 2006, and Plaintiff's Reply was filed April 21, 2006.[3]

     This matter came before the Court for hearing on May 17, 2006.  After hearing argument of counsel, the Court took the matter under advisement.  Having fully considered the file, the

---

[1] Docket No. 1.

[2] Docket No. 8.

[3] Docket No. 16.

1

record, the pleadings and having heard oral argument of counsel, the Court will now affirm the Decision of the Administrative Law Judge (hereinafter, "ALJ"), as is set forth more fully below.

## STANDARD OF REVIEW

This Court's review of the ALJ's Decision is limited to determining whether its findings are supported by substantial evidence and whether the correct legal standards were applied.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[5] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[6] The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[7]

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's Decision.[8] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[9]

---

[4] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[5] *Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[6] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

[7] *Id.*

[8] *Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[9] *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

DISCUSSION

I.      Medical expert testimony / Listing 1.04A.

Plaintiff argues that the ALJ erred in failing to have a medical expert at the hearing to testify regarding Plaintiff's impairment as it relates to Listing 1.04A. Plaintiff offers no case law to support his argument that such an action was required.

The Court finds that there was no evidence in the record before the ALJ which would have required him to obtain medical expert testimony regarding whether Plaintiff's impairment met or equaled a listed impairment. The medical testimony in the record was clear and supported the ALJ's proper determination that Plaintiff's impairment did not meet or equal a listed impairment, without the need to obtain medical expert testimony.

II.     ALJ's credibility determination.

The Plaintiff asserts that the ALJ erred in finding that Plaintiff's credibility was "marred." The ALJ's finding of a lack of credibility must be supported by substantial evidence.[10] "'Substantial evidence' requires 'more than a scintilla, but less than a preponderance,' and is satisfied by such relevant 'evidence that a reasonable mind might accept to support the conclusion.'"[11] An ALJ's "credibility determinations are peculiarly the province of the finder of fact, and [the reviewing court] will not upset such determinations when supported by substantial evidence."[12]

---

[10] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

[11] *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (citation omitted); *see also White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001).

[12] *Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995).

In his Decision, the ALJ found that Plaintiff's "statements concerning his impairments and his ability to work are not entirely credible in light of [his] own description of his activities and life style, the degree of medical treatment required, and the reports of the treating and examining practitioners."[13]  In support of this finding, the ALJ noted specific inconsistencies between Plaintiff's claims and the objective medical record.

Specifically, the ALJ noted that Plaintiff testified at the hearing that he was taking narcotic pain medication, and that his doctor had recommended surgery, but he was afraid of surgery, and had also recommended cortisone shots, but he was afraid of needles.[14]  Plaintiff testified that his neck problems left him with recurring headaches and significant pain, and he cannot bend his head back to look up and, further, that he can do no indoor or outdoor chores and occasionally requires help with his personal hygiene, such as washing his hair.[15]  He reported that he spends much of his day reclining while he watches 10 hours of television and reads for three hours, and takes catnaps 6-12 times per day in 30-minute increments, as a result of poor sleep at night due to pain, but that he sometimes visits neighbors during the day.[16]

The ALJ found Plaintiff's degree of fear to be overstated, given his testimony and the medical record.  It is important to clarify that the ALJ did not deny Plaintiff benefits due to his

---

[13] ALJ Decision at 6.

[14] ALJ Decision at 3.

[15] *Id.*

[16] *Id.*

fear or failure to follow the recommendation for surgery or shots but, rather, the fear and refusals were factors in the ALJ's credibility determination.

Plaintiff argues that he had valid reasons for refusing to have surgery, undergo epidural treatments, or take cortisone shots, and that the ALJ erred in considering his refusal against him as part of his credibility analysis. Plaintiff argues that the Tenth Circuit cases of *Teter*[17] and *Jones*[18] show that Plaintiff's doctors only recommended, rather than prescribed, surgery. However, the Court believes that a clear reading of the medical evidence in the record supports a finding that surgery was indeed prescribed, regardless of the wording.

In any event, the ALJ's credibility determination was not made solely on the basis of Plaintiff's refusal of surgery. The ALJ also articulated inconsistencies between the medical record and Plaintiff's subjective symptom complaints. Therefore, even if the doctors merely recommended surgery, the Court would still find the ALJ's credibility determination appropriate.

While such a finding is not required,[19] in support of the ALJ's credibility findings, the Court notes that no doctor has ever found Plaintiff disabled,[20] and further, the Court finds that the medical evidence before it does not match Plaintiff's subjective complaint testimony.

---

[17] 775 F.2d 1104 (10th Cir. 1983).

[18] 702 F.2d 950 (10th Cir. 1983).

[19] The Tenth Circuit has recently held that a physician's opinion of disability is not required, as such a finding would not be binding on the Commissioner. *Williams v. Barnhart*, 2006 WL 1109765, *2 (10th Cir. 2006) (unpublished case).

[20] Plaintiff's counsel conceded this at oral argument.

The ALJ weighed Plaintiff's testimony against the record and the ALJ's conclusions were based on "more than a scintilla" of evidence. Therefore, the Court finds that the ALJ's finding of lack of credibility is supported by substantial evidence and, as such, will not disturb the determination of the finder of fact in this respect.

III.     Residual Functional Capacity.

Residual functional capacity (RFC) is the ability an individual has to work, despite their impairments. The ALJ evaluates all the relevant evidence, including medical records, observations of treating physicians and others, and the claimant's description of her limitations.[21]

The ALJ made the finding that Plaintiff retained the RFC to perform light exertional work with specific abilities and limitations.[22] After having made findings establishing Plaintiff's RFC, the ALJ relied upon the testimony of the Vocational Expert (VE) in concluding that, while Plaintiff was unable to perform any of his past relevant work, he did have transferable skills which would allow him to perform jobs including storage facility rental clerk, automatic car wash attendant, and parking lot attendant, all of which exist in significant numbers in the national economy.[23] In reaching this conclusion, the ALJ engaged in an extensive discussion explaining the analysis and the evidence relied upon. As such, the Court finds that the ALJ's determination regarding Plaintiff's RFC is supported by substantial evidence, and was made in accordance with correct legal principles, and the ALJ did not err in this respect.

---

[21] 20 C.F.R. § 404.1545-46 and § 416.945-46.

[22] ALJ Decision at 6, 9.

[23] *Id.* at 6, 9.

IV.     Additional Evidence.

Plaintiff urges this Court to consider the reports of Drs. Moress and Dall, dated June 14, 2004, and December 23, 2004.  The Decision of the ALJ is dated October 8, 2003, and the Appeals Council denied Plaintiff's request for review on September 10, 2004.  The Tenth Circuit has held that "when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision that is reviewed for substantial evidence.  The record to be considered on review, however, includes all of the evidence before the Appeals Council, including new evidence that was not before the ALJ."[24] The Tenth Circuit has further established that "[a] claimant bears the burden of proving disability prior to the expiration of [his] insured status."[25]

At the hearing, Defendant argued the standard that a reviewing court is required to consider new or additional evidence before the Appeals Counsel if, among other things, "there is a reasonable probability that [it] would have changed the outcome" of the ALJ's Decision.[26] However, in this case, the additional evidence Plaintiff seeks to have the Court consider was neither presented to nor considered by the Appeals Counsel.  Therefore, an analysis of whether the evidence would have probably changed the outcome of the ALJ's Decision is unnecessary and irrelevant.

---

[24] *Boss v. Barnhart*, 67 Fed.Appx. 539, 541-42 (10th Cir. 2003) (unpublished opinion) (citing *O'Dell v. Shalala*, 44 F.3d 855, 858, 859 (10th Cir. 1994)).

[25] *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997).

[26] *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). See also *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995), *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994).

This purported evidence is irrelevant because it was not presented to the ALJ or the Appeals Council, and because it does not pertain to the relevant time period.  What is on appeal to this Court is the evidence that was before the ALJ at the time the decision was rendered.  Therefore, the Court will not consider the two additional medical reports attached to Plaintiff's memorandum.

## CONCLUSION

Having made a thorough review of the entire record, the Court finds that the ALJ's evaluation and ruling are supported by substantial evidence.  Therefore, the Commissioner's findings must be affirmed.  Further, the Court finds that the ALJ applied the correct legal standard in determining that Plaintiff did not have a disability within the parameters of 20 C.F.R. § 404.1520 (a)-(f).

For the reasons stated above, the Court hereby AFFIRMS the decision below.  The Clerk of the Court is directed to close this case.

DATED this 18th day of May, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge